# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07-05072-01-CR-SW-RED |
| ) | |
| BRADLEY LEE VANSANDT, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Defendant has filed a Motion to Dismiss Indictment Because of Multiplicity. As grounds, defendant asserts that Counts One and Two of the indictment charges a single offense and are therefore multiplicitous. The United States has filed its response, noting that there are different elements to be proven in Counts One and Two, and that they do not therefore violate the prohibition against double jeopardy. In his reply, defendant reasserts his position and argues that while Count One charges harboring and Count Two charges encouraging or inducing, that they will be proven, if at all, by the same facts.

*Blockberger v. United States*, 284 U.S. 299 (1932). *United States v. Honarvar*, 477 F.3d, 1001-2 (8th Cir. 2007) provides that if each offense requires proof of an element not required by the other, charging them does not violate the double jeopardy clause. In this case, on the face of the indictment, different elements must be proven. If the factual basis ultimately is as defendant argues, the United States can be forced to elect at that time. It is therefore

RECOMMENDED that defendant's Motion to Dismiss the Indictment Because of Multiplicity be denied without prejudice.

       /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: February 22, 2008