# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-05072-01-CR-SW-RED |
| | ) | |
| BRADLEY LEE VANSANDT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Defendant has filed a Motion to Dismiss Indictment, in which he asserts that the United States improperly charged in Counts 1 and 2 of the indictment; that the prescribed conduct was done for the purpose of commercial advantage, and that the defendant acted as an aider and abetter. Because §1324 provides that if an offense was done for purpose of commercial advantage or private financial gain, the penalty is increased from 5 years to 10 years, but the penalty for an aider and abetter is 5 years, the defendant argues the indictment must be dismissed. The United States has filed its response.

Because §1324(a)(1)(B)(ii) provides that the maximum penalty for aiding and abetting is not more than 5 years, the defendant cannot face the enhanced sentence of not more than 10 years, even if acting for commercial advantage. The United States is correct, however, that dismissal of the indictment is not required. The for commercial advantage element is added to

the base offenses. The defendant could therefore be convicted of a lesser included offense of harboring or encouraging aliens as an aider and abetter. It is therefore

RECOMMENDED that the defendant's Motion to Dismiss be denied.

        /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: June 30, 2008