**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 07-05072-01-CR-SW-RED |
| BRADLEY LEE VANSANDT, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on Defendant's Motion to Dismiss Indictment Based on An Unconstitutional Penal Statute. [Doc. # 51]. The government has responded to that motion. [Doc. # 73]. Thereafter, defendant filed a reply to the government's response. [Doc. # 74].

Defendant asserts that the indictment against him should be dismissed because 8 U.S.C. § 1324 (a)(1)(A)(iii) and (iv) are unconstitutionally vague. It is defendant's position that § 1324 is void for vagueness because it does not provide fair warning of prohibited conduct, and impermissibly fails to establish standards for law enforcement to pursue enforcement on the basis of something other than their personal predilections.

Defendant was indicted as an aider and abettor on two counts of the indictment. He is charged in Count I with aiding and abetting others, knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, by concealing,

1

harboring, or shielding from detection an alien at George's Processing, Incorporated, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i) and 18 U.S.C. § 2. In Count II, the indictment charges that he, by aiding and abetting others, encouraged and induced an alien to come to, enter, or reside, in the United States, knowing and in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of the law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (B)(i), and 18 U.S.C. § 2.

Because the Eighth Circuit does not have model jury instructions for either offense, the government relies on model jury instructions from other circuits to support its argument that neither 8 U.S.C. §§ 1324(a)(1)(A)(iii) nor (iv) are unconstitutionally vague. It is contended that the elements are very straightforward, and require that a defendant knew or acted in reckless disregard of the fact that an alien entered or resided/remained in the United States illegally, and "that the defendant did something to make it easier for the alien to enter or reside/remain in the United States." [Government's Response at 5]. The government argues that there is nothing particularly complex or difficult to understand about these statutes, and that there is nothing that would fail to inform a person of ordinary intelligence what is proscribed by these phrases. Because the statutes clearly set forth the terms of what is proscribed, the government asserts that they do not lend themselves to arbitrary enforcement. It is contended that "concealing, harboring, or shielding aliens" have commonly accepted meanings, and that courts have not had trouble explaining the conduct this proscribes. Similarly, it is contended that the phrase "encouraging or inducing an alien to enter or reside," is not complex, and forbids conduct that is designed to make an alien more likely to come into or stay in the United States. Therefore, the government asserts that there is nothing about the statute that violates the vagueness doctrine.

2

The general "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and act accordingly . . . ." United States v. Bewig, 354 F.3d 731, 737 (8th Cir. 2003), quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983).  Unconstitutionally vague statutes are those which are not subject to reasonable interpretation. See Grayned, 408 U.S. at 112; Parker v. Levy, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.")  To that end, an enactment is void for vagueness if its prohibitions are not clearly defined. Grayned, 408 U.S. at 108.  The Supreme Court has explained, however, that "condemned to the use of words, we can never expect mathematical certainty from our language." Id. at 110. "Perfect clarity and precise guidance have never been required, even of regulations that restrict expressive activity." Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989).  Clearly, the Constitution does not require the legislature to incorporate Webster's Dictionary into each statute in order to insulate it from vagueness challenges.  See Dennis v. Poppel, 222 F.3d 1245, 1260 (10th Cir. 2000).

In determining whether a statute is impermissibly vague, courts generally look to "the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." Postscript Enters., Inc. v. Whaley, 658 F.2d 1249, 1255 (8th Cir.1981) (quoting Balthazar v. Superior Court, 573 F.2d 698, 700 (1st Cir.1978)). Additionally, "the fact that Congress might, without difficulty, have chosen '[c]learer and more precise language' equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." United States v. Powell, 423 U.S. 87, 94 (1975) (citation omitted).   The law is well-established, moreover, that in cases where First Amendment

3

freedoms are not involved, the Court must evaluate the vagueness challenge based on the particular facts of the case and not with regard to the statute's facial validity. Maynard v. Cartwright, 486 U.S. 356, 361 (1988); United States v. Mazurie, 419 U.S. 544, 550 (1975); United States v. Maull, 806 F.2d 1340, 1344 (8th Cir. 1986).

"A statute can be impermissibly vague for either of two independent reasons." Hill v. Colorado, 530 U.S. 708, 732 (2000). First, to survive a vagueness challenge, the statute must provide adequate notice of the proscribed conduct. Kolender, 461 U.S. at 357. That is, whether it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provide[s] explicit standards for those who apply [it]." Grayned, 408 U.S. at 108. This test is to be applied to the person of common intelligence and what that person would reasonably understand, rather than what a particular defendant understands the statute to mean. United States v. Washam, 312 F.3d 926, 929-30 (8th Cir. 2002). Second, a statute is not void for vagueness if it does not lend itself to arbitrary, erratic enforcement. Kolender, 461 U.S. at 357; Colautti v. Franklin, 439 U.S. 379, 390 (1979). Criminal statutes are generally subject to greater scrutiny because of the potentially severe consequences of imprecision. Kolender, 461 U.S. at 358-59 n.8. Notwithstanding, because the classification of a federal statute as void for vagueness is a significant matter, the law is clear that, "[e]very reasonable construction must be resorted to, in order to save a statute from unconstitutionality." Chapman v. United States, 500 U.S. 453, 464 (1991) (citation omitted).

According to the most recent pronouncement by the Supreme Court, "[w]hat renders a statute 'vague' is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved, but rather the indeterminacy of precisely what

4

that fact is." United States v. Williams, 128 S.Ct. 1830 (2008). Justice Scalia, writing for the majority, noted that "the Court has therefore struck down statutes that tied criminal culpability to whether the defendant's conduct was 'annoying' or 'indecent,' which have been deemed to be wholly subjective judgments without statutory definitions, narrowing context, or settled legal meanings." [Citations omitted].

Having fully reviewed the arguments of the parties, the statutes at issue, and relevant case law, the Court finds that it must be recommended that defendant's motion be denied. The Court must first review the language of the statutes and determine if persons of ordinary intelligence could contemplate what is prohibited. The statutes under which defendant has been charged , 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (iv), contain specific statutory elements, which must be proven beyond a reasonable doubt before he can be convicted. First, the government must prove that defendant concealed, harbored, or shielded an illegal alien from detection at George's; and/or that he encouraged and induced an alien come to, enter, or reside in the United States. Second, the government must prove that the defendant did so knowing or in reckless disregard of the fact that such aliens had come to, entered, or remained in the United States in violation of law. With respect to the aiding and abetting aspect of the charge, the government will need to prove that these crimes were committed, and that defendant helped to commit the crimes or encouraged someone else to commit the crimes, intending to do so. That is the illegal conduct proscribed by 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (iv).

Despite defendant's arguments to the contrary, this Court finds, after careful review, that the statutes do give persons of ordinary intelligence fair notice of what conduct is forbidden by the statute. By way of example, if defendant did not know that a person was an illegal alien or

5

did not act with reckless disregard of illegal status, his conduct, even if it satisfied the concealment, harboring, or shielding element of the statute, would not be proscribed by statute. While the words may not be precise, it is clear from a thorough review of case law, that a dictionary definition with precision is not required. As submitted by the government, it is the nature of the law that statutes are subject to interpretation. Although language such as "harboring" or "encouraging" may not be as clear as that enunciated in other federal statutes, that fact does not mean that the statute is unconstitutionally vague under the Supreme Court's standards. The words used in these statutes are common words and "the likelihood that anyone would not understand any of those common words seems quite remote." Hill., 530 U.S. at 732. Furthermore, the cases cited by the government indicate that courts in other jurisdictions have been fairly consistent in holding that "harboring" encompasses language to the effect of "substantially facilitating" an alien's remaining illegally in this country or to afford shelter to an improperly admitted alien. See, generally United States v. Lopez, 521 F.2d 437, 441 (2nd Cir. 1975); United States v. Rubio-Gonzalez, 674 F.2d 1067 (5th Cir. 1982); United States v. Acosta De Evans, 531 F.2d 428 , 434 (9th Cir. 1976; United States v. Kim, 193 F.3d 567, 574 (2nd Cir. 1999). Although there appears to be a dearth of case law on the meaning of the language "encouraging or inducing an alien to enter or reside," the Court believes that language is fairly straightforward under common usage of those words and understandable by a person or ordinary intelligence. Given that the purpose of the statutes in question is to prevent aliens from entering or remaining in the United States illegally, and because the law requires that the offender takes such action knowing or in reckless disregard that his or her conduct will substantially facilitate or encourage such illegal presence, the Court finds that the vagueness challenge must fail.

Therefore, the Court finds that the challenged statutes afford persons of ordinary intelligence fair notice of what conduct is forbidden, and cannot be deemed to be void for vagueness on that basis.

Additionally, the statutes survive the second vagueness test because the Court does not believe that they lend themselves to arbitrary or discriminatory enforcement. The danger intended to be avoided by the second step of the Kolender test is arbitrary and erratic extension of the scope of the law because of the vagueness of the statute. As noted by the Eighth Circuit, the law requires that Congress provide "minimal requirements to guide law enforcement in order to prevent police officers, prosecutors, and juries from pursuing their 'personal predilections.'" Washam, 312 F.3d at 931, quoting Kolender, 461 U.S. at 358. Having fully and carefully reviewed the statutes herein, the Court is satisfied that the statutes set forth at least minimal requirements to guide law enforcement and to avoid prosecution on the basis of personal bias or whim or unfettered discretion. While "enforcement requires the exercise of some degree of police judgment," the Court finds that the degree of judgment involved under these statutes is acceptable. Grayned, 408 U.S. at 114.

Turning to the application of the statute to defendant, he argues that the statute is void as applied to him. It is his position that the list of potential criminal conduct under the statute is limitless, and would include selling an alien food, providing shelter, clothing, medical care, education, transportation, legal services, or, as in this case, providing advice regarding employment. He asserts that the broadness and vagueness of the statute, as applied to him, violates his fundamental freedoms under the First Amendment. He submits that the magnitude of the constitutional violation is amplified by the requirement that the defendant act only with

7

reckless disregard that an alien is illegal. In his reply, defendant contends that there is no evidence that he knew or had any reason to know that the government informants had been arrested or were subjects of immigration proceedings against them; that there is no evidence that he worked for the Human Resources Department at George's, or that he assisted anyone in obtaining false identification; and that the undisputed evidence will be that his duties were to weigh trucks at George's Processing, Inc.

Regarding defendant's challenge to the statute as applied to him on vagueness grounds, the Court finds that he appears to be attempting to argue his trial defense under a vagueness argument. While defendant has delineated what he believes the undisputed evidence will be, the Court believes that his arguments are ones to be heard at trial, and fail to demonstrate, at this stage of the proceedings, that the statute is unconstitutionally vague as applied to him. Whatever evidence the government might have to support its prosecution of defendant and whatever evidence defendant might have to support his defenses are evidentiary matters to be presented at trial. At this stage of the proceedings, there is no way to know what facts will actually be proven at trial. Therefore, the crucial factual context against which the statutes are to be judged is not certain at this time. Accordingly, the Court finds that defendant has failed to establish that the statute is void as applied to him.

Based on the foregoing, the Court finds that defendant has failed to establish that the statute is unconstitutionally vague on its face or as applied. Therefore, it will be recommended that defendant's Motion to Dismiss the Indictment Based on An Unconstitutional Penal Statute be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with

Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Dismiss the Indictment Based on An Unconstitutional Penal Statute be denied.

.

        /s/ James C. England
        JAMES C. ENGLAND, CHIEF
        United States Magistrate Judge

Date: 07/29/08